UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDALL PLAIN**                                                                              **CIVIL ACTION**

**VERSUS**

**SAFEPORT INSURANCE COMPANY**                                          **NO. 23-740-BAJ-RLB**

**ORDER**

      Before the Court are Safeport Insurance Company's ("Defendant") Motion to Compel Discovery and Kendall Plain's ("Plaintiff") opposition. (R. Docs. 36; 41). Also before the Court is Defendant's Reply. (R. Doc. 50).

**I.    Background**

      On August 16, 2023, Plaintiff commenced this action to recover for breach of contract, violations of Louisiana insurance law, and bad faith from his insurer, Defendant, with respect to property loss resulting from Hurricane Ida that occurred on August 29, 2021. (R. Doc. 1).

      On December 10, 2024, Defendant served interrogatories and requests for production ("RFP(s)") on Plaintiff through his counsel at the time. (R. Docs. 36-2; 36-4). Responses were initially due on January 9, 2025, but this deadline was changed to February 18, 2025, following many communications between Defendant's counsel and Plaintiff's counsel at the time. (R. Doc. 36-3). Plaintiff's and Defendant's counsel also discussed setting up a deposition of Plaintiff, but no date was agreed upon. On February 13, 2025, Plaintiff's counsel filed a Motion to Withdraw, wherein he sought leave to withdraw as counsel of record for Plaintiff. (R. Doc. 29). Five days later, this Court granted the Motion to Withdraw, noting the objection of Plaintiff, but finding no reason to compel counsel to continue representing Plaintiff. (R. Doc. 31). On February 19, 2025, Defendant filed a Motion to Compel Discovery, which sought an order compelling Plaintiff to

1

provide complete discovery responses and deposition dates. (R. Doc. 32). This motion was emailed to Plaintiff on the same day and proof of service was filed into the record on March 7, 2025. (R. Docs. 33; 36-5 at 4).

On March 10, 2025, Plaintiff, now appearing *pro se*, filed an Emergency Motion for Relief Under Rule 59(e), and Rule 60(b), for Rehearing on Motion to Withdraw, for Stay of Proceedings, for Updated Scheduling Order, and for Extension of Time to File Opposition to Motion to Compel Discovery. (R. Doc. 34). On March 11, 2025, this Court (1) denied the motion to the extent it sought reconsideration of the Court's order allowing Plaintiff's former counsel to withdraw, (2) denied the motion as moot to the extent it sought modification of any deadlines or a stay of this proceeding, (3) required the parties to meet and confer with respect to the order, and (4) denied Defendant's Motion to Compel Discovery without prejudice to refile on or before April 3, 2025 or as otherwise allowed pursuant to Local Rule 26(d). (R. Doc. 35). The same day, Defendant's counsel emailed Plaintiff, noting he had called Plaintiff in compliance with the court's order but Plaintiff had not picked up the phone. (R. Doc. 36-5 at 3).

Throughout March, Defendant's counsel called and emailed Plaintiff, but received no response. (R. Doc. 36-5). Then, on March 18, 2025, a telephone conference was held, and it was agreed that Plaintiff had until March 21, 2025 to provide his responses to the first set of discovery requests. (R. Doc. 36-6). The parties also "agreed upon an extension of the **pending** deadlines in the scheduling order by 90 days." *Id.* (emphasis in original). Plaintiff noted he wished to reopen past deadlines and would be seeking a stay of the case; Defendant noted it was opposed to this.

On March 25, 2025, Defendant filed the instant motion, asking this Court to compel Plaintiff to respond to the still outstanding discovery requests and to provide what dates he

2

would be available for a deposition. (R. Doc. 36). Defendant also asked this Court to sanction Plaintiff by requiring him to pay the costs and attorneys' fees associated with the motion and/or dismissing Plaintiff's case. The next day Plaintiff filed a Motion for Status Conference, Request for Stay, and Relief under Rules 59(e) and 60(b), seeking a stay of deadlines, as well as extensions, to provide him the opportunity to obtain new counsel. (R. Doc. 37). Noting that Plaintiff himself is an attorney, this Court determined that Plaintiff had already been afforded plenty of time—two months—to obtain counsel such that a stay would not be provided and no deadlines would be extended at that time. (R. Doc. 40). Following this court's order, Plaintiff filed his response on April 15, 2025, stating that the motion to compel was improper because he was not himself served with the relevant discovery requests before the motion to compel was filed and because no formal Fed. R. Civ. P. 37 conference occurred.[1] (R. Doc. 41). Plaintiff also noted he recently responded to Defendant's discovery requests and offered some dates that he would be available for a deposition. Defendant filed its reply the next day, arguing Plaintiff's responses were insufficient and requesting a deadline for Plaintiff to appear for a deposition. (R. Doc. 50).

**II.     Law and Analysis**

    **A.     Legal Standards**

If a party fails to respond fully to written discovery requests in the time allowed by the parties or by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses. *See* Fed. R. Civ. P. 37. An "evasive or incomplete . . . response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery

---

[1] This Court notes that service on Plaintiff's attorneys was service upon Plaintiff, and Plaintiff did not need to be re-served the requests after his counsel withdrew from the case. A proper Fed. R. Civ. P. 37 conference also occurred.

regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

**B.    Fed. R. Civ. P. 37 Conference**

Motions to compel must include certificates "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. A Fed. R. Civ. P. 37 certificate "must accurately and specifically convey [] who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Persley v. State Farm Mut. Auto. Ins. Co.,* No. 5:19-CV-01685, 2021 WL 1095323, at *2 (W.D. La. Feb. 16, 2021) (citations and quotations omitted). The instant motion is accompanied by a certificate that states the following:

> [C]ounsel conferred with the Plaintiff per the Court's Order regarding Plaintiff's outstanding written discovery and failure to provide deposition dates on March 18, 2025. Defense counsel provided another extension through Friday, March 21, 2025 for Plaintiff to produce answers to the propounded discovery. As of the filing of the instant motion, Plaintiff has not responded to Defendant's written discovery or cooperated in the scheduling of Plaintiff's deposition.

4

(R. Doc. 36-1 at 6). From this Court's review of the above and the record, it is apparent "who, where, how, and when" the parties attempted to resolve their discovery disputes. *Persley,* 2021 WL 1095323, at *2 (citations omitted). Defendant thus complied with Fed. R. Civ. P. 37.

### C.      Interrogatories

Notwithstanding the fact that Plaintiff has provided responses to the interrogatories, this Court concludes Defendant's motion to compel must be partially granted. The interrogatories were served on Plaintiff more than four months ago, and the responses Plaintiff has only recently provided are largely insufficient. While Plaintiff's responses to Interrogatory Nos. 2, 4, 5, 7, 8, 11, 12, and 13 are sufficient, the majority of Plaintiff's other responses contain improper objections or fail to fully answer the questions posed, as set forth below.

#### i.      Interrogatory Nos. 1, 3, 6, 9, and 10

**INTERROGATORY NO. 1:** State your full name and any other names you have been known by; your date of birth and place of birth; your marital status; your present home address and Social Security Number.

**RESPONSE:** Objection. This interrogatory seeks information that is irrelevant, overly broad, and unduly burdensome. Furthermore, disclosure of sensitive personal information, such as Social Security Numbers, is not reasonably calculated to lead to the discovery of admissible evidence and violates privacy rights. Subject to and without waiving these objections, my name is Kendall Plain. My addresses are 4712 Bradley Street, Baton Rouge, LA 70805, and 2950 Mission Drive, Baton Rouge, LA 70805.

Plaintiff fails to provide his Social Security Number ("SSN"), his birth date and place, or his marital status, stating this information is not reasonably calculated to lead to the discovery of admissible evidence. Yet, this interrogatory type is regularly propounded upon and answered by plaintiffs as it is relevant information that may be produced. *See Abraham v. Cavender Boerne Acquisition of Texas, Ltd., No*. SA-10-CA-453-XR, 2011 WL 13127173, at *10 (W.D. Tex. Apr. 26, 2011) (found request for SSN, date of birth, and marriage status history sought relevant information). This Court thus compels Plaintiff to respond further to Interrogatory No. 1.

5

**INTERROGATORY NO. 3:** Please describe what repairs have been made to the Property to date and what repairs remain.

**RESPONSE:** No hurricane-related repairs have been made to the property. Remaining repairs include damages caused by the event at issue.

Plaintiff fails to explain whether any repairs have occurred, only stating that no *hurricane* repairs have been made and that repairs are needed regarding the event at issue, Hurricane Ida. Plaintiff leaves open the possibility that other repairs have occurred but fails to specify whether any have. This Court compels Plaintiff to further and more properly respond to Interrogatory No. 3 by detailing with specificity all completed and planned repairs of the property to date.

**INTERROGATORY NO. 6:** Provide a computation of each item or type of claimed loss, including content claims if in dispute. When the policy requires, the computation should reasonably identify or itemize price and quantity of materials.

Plaintiff objects to the above on the basis that it is premature and relates to ongoing discovery, requests attorney work product, is overly broad and burdensome, and requests information that has already been provided to Defendant. Plaintiff referred Defendant to already produced loss estimates, expert reports, invoices, and other documents relevant to the claimed damages.

Because Plaintiff did not attach these, it is not clear the response is sufficient. As the information sought through Interrogatory No. 6 is relevant to Defendant calculating the damages in this case, Defendant's objections are boilerplate, and it is not clear Plaintiff's previously produced documents are responsive, this Court compels further response to Interrogatory No. 6.

**INTERROGATORY NO. 9:** Identify the public or other adjusters, estimators, inspectors, contractors, engineers, or other persons engaged by you or on your behalf, relating to the claimed losses. Please provide their full name, telephone number, email address, the dates on which they inspected the property and the date on which they provided an estimate, and the dates that any repair work was performed. Additionally, please state whether you engaged these persons or whether they were solicited by a person or entity acting on your behalf.

6

>**RESPONSE:** Objection. This interrogatory is overly broad and unduly burdensome. Subject to and without waiving these objections, an adjuster was assigned by SafePort Insurance, and Stephen Lott from ICC. See the previously provided estimate.

Plaintiff has failed to provide any contact information for Stephen Lott, and Plaintiff has neither provided information regarding his inspection nor made the previously provided estimate available to this Court for inspection. The information sought by Interrogatory No. 9 is relevant to determining the extent of the damage to Plaintiff's property, and the request is not overbroad. As Plaintiff has not provided a full response or explained why the interrogatory would be unduly burdensome for him to answer, this Court compels further response to Interrogatory No. 9.

>**INTERROGATORY NO. 10:** With respect to any other insurance, list all policy numbers, the name of each insurer, and claim and docket numbers for any claims made for coverage by the Insured on the same Property at issue in this litigation.
>
>**RESPONSE:** Objection. This interrogatory is overly broad and irrelevant as it seeks information unrelated to the specific loss event.

This Court disagrees with Plaintiff's objection that Interrogatory No. 10 is overbroad because the request is limited to information concerning insurance claims made regarding only the property at issue in this litigation. This Court also does not agree that Interrogatory No. 10 seeks irrelevant information, because a response to this request could reveal information regarding past and/or present damage to the property at issue, as well as any repairs were made for prior claims of damage. As Plaintiff's objections are improper, this Court compels Plaintiff to provide a new response to Interrogatory No. 10.

>    ii.    **Interrogatory Nos. 14 through 23**

>**INTERROGATORY NO. 14:** Please provide the information regarding any tenants living at the property from the date of loss to present day including; name, lease rental amount and duration, any alleged displacement you allege due to this loss and for how long as a result of the loss.

**RESPONSE:** Objection. This interrogatory seeks information irrelevant to the claims or defenses in this matter. Subject to and without waiving this objection, no tenants were displaced as a result of the loss.

**INTERROGATORY NO. 15:** Please provide a list of doctors, nurses, or therapists or other medical professionals or persons otherwise consulted in support of Paragraph 30 of the Original Petition which alleges that you suffered "mental anguish," as a result of the actions of SafePort. Please state the location of the services, the dates on which the services were rendered, and the general nature of treatment rendered by each person.

**RESPONSE:** Objection. This interrogatory seeks information protected by the doctor-patient privilege. Subject to and without waiving this objection, this information will be provided in accordance with applicable discovery rules.

**INTERROGATORY NO. 16:** Please identify by name, address, and telephone number, each witness whom you may call on your behalf at the trial of this matter and provide a detailed account of any knowledge they have regarding this matter and each individual's anticipated trial testimony.

**RESPONSE:** Objection. This interrogatory seeks premature disclosure of trial strategy and work product. Witnesses will be identified in accordance with applicable pretrial disclosure deadlines. Stephen Lott will be called as a witness.

**INTERROGATORY NO. 17:** Please describe with reasonable specificity every document which you will offer into evidence at the trial of this matter.

**RESPONSE:** Objection. This interrogatory seeks premature disclosure of trial evidence. Documents will be identified in accordance with pretrial deadlines.

**INTERROGATORY NO. 18:** Provide a listing of each type of damages sought in this matter, along with a dollar figure amount sought for each type of damage listed.

**RESPONSE:** Damages include property damage, loss of use, and mental anguish. Specific dollar amounts will be provided in accordance with applicable rules.

**INTERROGATORY NO. 19:** State each date, or dates, that you allege SafePort was in receipt of satisfactory proof loss warranting payments under the SafePort policy issued to Plaintiffs.

**RESPONSE:** SafePort received satisfactory proof of loss on or about the date in the claim file and additional date thereafter.

**INTERROGATORY NO. 20:** Please list in detail all lawsuits and insurance claims you have filed or reported in the past ten (10) years, including docket numbers, court, claim numbers, and carrier information.

**RESPONSE:** [Plaintiff objects that this interrogatory is overly broad and unduly burdensome, irrelevant to claims or defenses, harassing and invasive, disproportional to the needs of the case, and seeks private and confidential information.]

**INTERROGATORY NO. 21:** Please describe with reasonable specificity all facts which support your allegations contained in Paragraph 8.

**RESPONSE:** Objection. This interrogatory seeks a legal conclusion. Subject to and without waiving this objection, Paragraph 8 allegations are supported by the denial of coverage without adequate investigation.

**INTERROGATORY NO. 22:** Please describe with reasonable specificity all facts which support your allegations contained in Paragraph 18.

**RESPONSE:** Objection. This interrogatory seeks a legal conclusion. Subject to and without waiving this objection, Paragraph 18 allegations are supported by SafePort's failure to comply with policy terms.

**INTERROGATORY NO. 23:** Please describe with reasonable specificity all facts which support your allegations contained in Paragraph 30.

**RESPONSE:** Objection. This interrogatory seeks information protected by the attorney work product doctrine. Subject to and without waiving this objection, Paragraph 30 allegations are supported by mental anguish caused by SafePort's refusal to honor its policy obligations.

The above interrogatories, aside from Interrogatory No. 20, seek information that may aid in the discovery of witnesses, the extent of the losses caused by Hurricane Ida or Defendant's actions or inactions, and evidence Plaintiff could use in support of his case. Plaintiff has failed to provide sufficient responses to the above, providing mostly improper objections and/or promises to respond at a later time.

Plaintiff's irrelevance objection to Interrogatory No. 14 is improper because information regarding Plaintiff's tenants is relevant to Defendant locating witnesses and, as Plaintiff's answer reveals, is relevant to discovering any losses due to tenant displacement. Plaintiff's doctor-patient privilege objection to Interrogatory No. 15 is also improper because there is "no doctor-patient privilege under federal law." *United States v. Moore,* 970 F.2d 48, 50 (5th Cir. 1992). Plaintiff fails to provide any objections to Interrogatory Nos. 18 or 19, and this Court finds Plaintiff's responses are insufficient and should be supplemented. With respect to Interrogatory Nos. 21 and 22, Plaintiff objects that these interrogatories seek legal conclusions; this is not the case as they seek only facts. As Plaintiff provides no specific facts in response, Plaintiff must

supplement his responses. Plaintiff's objection that Interrogatory No. 23 seeks information protected by the attorney-client privilege is equally improper as this interrogatory seeks only facts that support a specific allegation in Plaintiff's complaint.

Plaintiff's objections to Interrogatory Nos. 16 and 17, however, are valid. This Court will allow Plaintiff to object to discovery requests to the extent they seek information and disclosures prior to specific deadlines set forth in the Court's Scheduling Order. As for Plaintiff's objections to Interrogatory No. 20, this Court agrees that the request is overbroad. This Court thus compels only new responses to Interrogatory Nos. 14, 15, 18, 19, 21, 22, and 23.

### D. Requests for Production

Defendant propounded upon Plaintiff twenty RFPs, seeking documents (i) that supported Plaintiff's responses to Interrogatory Nos. 3, 6, 14, 15, 20, 21, 22, and 23, (ii) revealing evidence that could be used in support of Plaintiff's claims, and (iii) providing support for the amount of loss. (R. Doc. 36-2). In response to each and every one of these, Plaintiff provided boilerplate objections with little explanation for their application and referred Defendant to "previously disclosed loss estimates and supporting reports prepared by Stephen Lott of ICC Claims Integrity Claims Consultants." (R. Doc. 50-1). This Court has no access to this previously disclosed information. As this Court finds none of the RFPs are objectionable and finds that all the RFPs seek relevant information, except for RFP No. 14 (which seeks documents supporting Plaintiff's answer to Interrogatory No. 20), this Court compels new responses to RFP Nos. 1 through 13 and RFP Nos. 15 through 20.

### E. Deposition of Plaintiff

Plaintiff offers June 13, 2025, July 3, 2025, and July 11, 2025, as the dates he is available for depositions. These dates lie outside the fact discovery deadline, which closed on March 21,

2025. (R. Doc. 27). These dates also fall beyond the dispositive and *Daubert* motion deadline of May 23, 2025. *Id.* However, because the parties have already agreed to extend the pending[2] discovery deadlines by 90 days, this Court will allow for such an extension to allow Plaintiff and Defendant time to conduct Plaintiff's deposition before the expert and dispositive and *Daubert* motion deadlines. That being said, this Court will not allow Plaintiff to wait until July to appear for a deposition as this would hinder both parties' experts should Plaintiff's deposition be relevant to their own depositions. This Court therefore orders that Plaintiff provide Defendant with his availabilities in May and June, and appear for his deposition by June 30, 2025.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery (R. Doc. 36) is **GRANTED IN PART** and **DENIED IN PART** such that Plaintiff is compelled to more completely and fully respond to Interrogatory Nos. 1, 3, 6, 9-10, 14-15, 18-19, and 21-23, and RFP Nos. 1-13 and 15-20, within 10 days of the signing of this Order. Fact discovery is not being reopened except with regard to these requests.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendant with his availabilities for a deposition in May and June, and appear for his deposition by June 30, 2025. Fact discovery is not being reopened, except with regard to Plaintiff's deposition.

**IT IS FURTHER ORDERED** that, because the motion is granted in part and denied in part, each party shall bear its own costs.

**IT IS FURTHER ORDERED** that the Scheduling Order is amended as follows:[3]

1. The deadline to join other parties or to amend the pleadings: Expired.

---

[2] At the time this was agreed, the expert discovery deadline was still pending. This will therefore be reopened.
[3] All deadlines are repeated for ease of reference. New deadlines are indicated in bold type.

2. Discovery must be completed as follows:

   a.   Exchanging initial disclosures required by F.R.C.P. 26(a)(1): Expired.

   b.   Filing all discovery motions and completing all discovery except experts: Expired.

   **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

   c.   Disclosure of identities and resumés of experts: Expired.

   d.   Expert reports must be submitted to opposing parties: Expired.

   e.   Discovery from experts must be completed by **July 17, 2025.**

3. Deadline to file dispositive motions and Daubert motions: **August 21, 2025.**

4. Deadline to file pre-trial order: **November 13, 2025.**[4]

5. Deadline to file motions in limine: **December 22, 2025.**

6. Deadline to file an affidavit of settlement efforts: **January 16, 2026**.

7. Pre-trial conference date: **December 4, 2025 at 1:30 p.m.** in chambers before the Honorable Brian A. Jackson.

8. Deadline to submit joint jury instructions, voir dire and verdict forms to the presiding judge: **January 23, 2026**.

The information regarding the Honorable Brian A. Jackson's pretrial order may be found on the court's website at (http://www.lamd.uscourts.gov) under "Judges' Info."

9. A 5-day jury trial is scheduled for 8:30 a.m. starting **February 9, 2026** in Courtroom 2.

Signed in Baton Rouge, Louisiana, on May 7, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the District Judge.

12